UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


JUNIOR DOUGLAS STEVENSON,

        Plaintiff,

v.                                                 Case No. 2: 19-cv-12673
                                                HON. AVERN COHN
DET. JOSEPH MATOS,

        Defendant.

_____/

## **ORDER OF SUMMARY DISMISSAL**

### I.     Introduction

This is a civil rights case under 42 U.S.C. § 1983. Plaintiff Junior Douglas Stevenson, proceeding pro se and without prepayment of the filing fee, is suing Detroit Police Detective Joseph Matos. Plaintiff asserts that because Matos lied to his parole officer, his parole was revoked and he was returned to Michigan Department of Corrections custody.

As explained below, Plaintiff has not stated a viable claim for relief against Matos. In addition, to the extent Plaintiff alleges that he has not received the process he is due in terms of his parole revocation, his recourse is not the federal courts, but a return to the state courts with a complaint of mandamus. Accordingly, the complaint will be dismissed.

## II. The Complaint

Plaintiff states that he was on parole for an unspecified conviction in September 2018. When he reported to his parole officer, he was taken into custody by Detroit Police Officers, and "served parole violation charges." Compl. at 6, ECF No. 1, PageID.6. Plaintiff was returned to MDOC custody on October 4, 2018. Id. at 17. Plaintiff asserts that his arrest and alleged parole violation resulted from Matos' false statements to his parole officer that a shooting victim in another crime identified Plaintiff in a photo lineup. Id. at 5, 17. Plaintiff states that Matos did not follow policy by using video or audio to document the alleged photo lineup in which Plaintiff was identified. Id. at 5, 17.

Plaintiff states he received a preliminary hearing on October 12, 2018, but states that no charges have otherwise been filed to date. Id. at 7. Nor does he mention having received a parole revocation hearing. Plaintiff states he wrote and/or spoke to his parole agents Joseph Lambert and Bell (first name unknown) and parole supervisor Barbara Newland in October and November 2018 without recourse. See id. at 7, 11, 12. This action was filed on September 11, 2019. ECF No. 1.

Plaintiff requests relief in the form of Matos' termination as a police officer, $10,000,000 in damages, and recognition of his mental anguish. Id. at 8.

## III. Legal Standards

The Court is required to dismiss sua sponte an in forma pauperis complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. See 42 U.S.C. § 1997e(c); 28 U.S.C. §

1915(e)(2)(B). The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an arguable basis in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989).

A pro se civil rights complaint is to be construed liberally. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)); Haines v. Kerner, 404 U.S. 519, 520-21 (1972). Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted). However, "'[a]ll pleadings shall be so construed as to do substantial justice." Erickson, 551 U.S. at 94 (quoting Fed. Rule Civ. Proc. 8(f)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) he or she was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law. Robertson v. Lucas, 753 F.3d 606, 614 (6th Cir. 2014).

### IV.   Discussion

### A. Matos

Plaintiff's allegations against Matos fail to state a claim upon which relief may be granted. When a plaintiff challenges the fact or duration of his physical imprisonment

3

and seeks immediate release or a speedier release from custody, his claims are more appropriate in a petition for the writ of habeas corpus, following exhaustion of any available state remedies. Preiser v. Rodriguez, 411 U.S. 475, 499, n.14, 500 (1973). While it is true that Plaintiff here has not asked directly for release from custody,

> to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under 1983.

Heck v. Humphrey, 512 U.S. 477, 486-87 (1994) (footnote omitted).

The Supreme Court has extended Heck beyond damages to include suits for equitable relief. Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005). Moreover, a lawsuit for malicious prosecution over a wrongful prosecution or investigation may proceed only when "the criminal proceedings end[]" in a plaintiff's favor (among other criteria). Id. at 389 (citing Sykes v. Anderson, 625 F.3d 294, 308–09 (6th Cir. 2010)).

Plaintiff has not alleged that the parole (criminal) proceedings have been resolved in his favor. Therefore, his claims are not proper under section 1983. As such, his allegations against Matos do not state a viable claim.

### B. Due Process Allegations

Plaintiff says he received a preliminary hearing on his parole revocation but does not indicate whether he has received a formal hearing. Plaintiff identifies within the complaint the parole officers and supervisors he contacted who did not respond to his allegations of the false police report and resulting parole revocation. If Plaintiff has not

4

received (and has not waived) a formal parole revocation hearing to which he is entitled under state law, see M.C.L. § 791.240a, he may not have received the process he is due. Morrissey v. Brewer, 408 U.S. 471, 481, 489 (1972). Section 791.240a entitles Plaintiff to a fact-finding hearing, adequate time to prepare a defense, appointment of an attorney, presentation of witnesses and evidence (including mitigating evidence), and a (limited) right to confront and cross-examine witnesses against him. M.C.L. § 791.240a(3)-(5).

The Sixth Circuit has held that a prisoner's challenge to a state's parole revocation decisions must be brought by habeas corpus action after exhaustion of state remedies. See, e.g., Norwood v. Mich. Dep't of Corr., 67 F. App'x 286, 288 (6th Cir. 2003). And where a parole revocation hearing is delayed (or by extension, not held at all), "the proper remedy for the failure to hold a timely hearing as required by M.C.L. § 791.240a(1) is a [state-court] complaint for an order of mandamus[.]" Jones v. Dep't of Corr., 468 Mich. 646, 658, 664 N.W.2d 717, 724 (2003). Only after the state courts have acted on the mandamus action (through both levels of appeals) may a federal court address a state prisoner's challenge to the parole revocation action. See, e.g, Kincaid v. Lafler, No. 07-CV-11414, 2008 WL 4057006, at *3 (E.D. Mich. Aug. 28, 2008) (acting on a petition for writ of habeas corpus challenging a delayed parole hearing after exhaustion, and citing Jones, supra). Accordingly, to the extent Plaintiff is claiming he was denied due process, his remedy lies first in state court.

## V. Conclusion

For the reasons stated above, the complaint fails to state a claim for which relief may be granted. Accordingly, the complaint is **DISMISSED**. The Court also certifies that

5

an appeal from this decision would be frivolous and could not be taken in good faith. 28 U.S.C. § 1915(a)(3); Coppedge v. United States, 369 U.S. 438, 445 (1962).

**SO ORDERED.**

s/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: 11/5/2019
      Detroit, Michigan